IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED SATES OF AMERICA,

Plaintiff

v.

[1] NELSON MORALES-SALDIVIA,

Defendant

CRIMINAL 10-0244 (GAG)

ORDER OF DETENTION PENDING TRIAL

The defendant Nelson Morales-Saldivia is charged in a 103-defendant, 44-page indictment dated July 7, 2010 with knowingly and intentionally conspiring to possess with the intent to distribute in Mayagüez, Puerto Rico, and nearby areas, 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, and in excess of 100 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, within 1,000 feet of the real property comprising the Candelaria, Kennedy and El Carmín Public Housing projects, housing facilities owned by a public housing authority, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 960.  He was also charged in four counts of the

CRIMINAL 10-0244 (GAG)                    2

indictment with aiding and abetting in related substantive offenses.  (Docket No. 3.)  The defendant is described in the indictment as one of the suppliers of the drug trafficking organization who would purchase and transport wholesale quantities of heroin in the Mayagüez area.  The government seeks detention of this defendant pending trial.

Under 18 U.S.C. § 3141 et seq., judicial officers are required to release a defendant arrested for federal offenses on personal recognizance or an unsecured appearance bond, 18 U.S.C. § 3142(b); set the least restrictive conditions necessary to ensure defendant's appearance at all court proceedings, 18 U.S.C. § 3142(c); or under the Bail Reform Act, upon motion of the government, and finding by the court of, *inter alia*, flight risk, and/or dangerousness to any person or to the community, order the defendant detained without bond.  18 U.S.C. § 3142(e).

The detention hearing was held on July 28, 2010.  At the hearing, the United States was represented by Assistant United States Attorney Alberto R. López-Rocafort and the defendant was represented by counsel Miriam Ramos Grateroles.  The United States proffered information related to the defendant's participation in the enterprise, focusing on his role as supplier of heroin and providing a conservative estimate of the movement of at least one kilogram a month, just in heroin, in terms of his distribution network in the Candelaria housing project, a

CRIMINAL 10-0244 (GAG)                            3

network which commenced in the year 2000.  The government noted that its information is provided by at least five participating individuals.  While the defendant has an arrest record of sorts, he has one 17-year old drug felony conviction in the Commonwealth of Puerto Rico court of first instance for which he received a three-year sentence of probation.  While possibly dated for purposes of Federal Rule of Evidence 609(b), an evidentiary rule of exclusion, this conviction triggers the enhanced penalty provisions of 21 U.S.C. § 851, thus subjecting the defendant to a minimal term of imprisonment of twenty years if convicted should the prosecutor timely file an information notifying the defendant of the government's intention to seek such an enhanced penalty.  See 21 U.S.C. § 841(b); see United States v. Tyree, 273 Fed. Appx. 830, 833 (11th Cir. 2008); United States v. Moscaritolo, slip op. 2010 WL 309679 (D.N.H. Jan. 26, 2010).

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to

CRIMINAL 10-0244 (GAG)                    4

guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' defendant's presence at trial . . . . " United States v. Pérez-Franco, 839 F.2d 867, 870 (1st Cir. 1988) (quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991). Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

> the judicial officer finds that no condition or combination
> of conditions will reasonably assure the appearance of the
> person as required and the safety of any other person

CRIMINAL 10-0244 (GAG)                    5

> and the community, such judicial officer shall order the detention of the person before trial.
>
> . . .
>
> an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)

18 U.S.C. § 3142(e)(1)(3)(A).

The indictment itself constitutes probable cause to believe that the offenses charged have been committed and that the defendant Nelson Morales Saldivia has committed them. Further, the offenses charged against the defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. Thus, as stated by the government at the detention hearing, section 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of . . . the community . . . . " is triggered in this case. See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986); United States v. Valdez, slip op. 2010 WL 2583085 (D.N.H. June 22, 2010).

In order to counter the statutory presumption triggered, the defendant must present evidence which demonstrates that "what is true in general is not true in [his] particular case . . . . " United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). Notably, the burden is one of production, not of persuasion. Id. at 380-

CRIMINAL 10-0244 (GAG)				6

81. Congress intended the presumption to have a practical effect. Id. at 382. The remaining strength of the rebuttable presumption is considered along with the other relevant factors in 18 U.S.C. § 3142(g). United States v. Palmer-Contreras, 835 F.2d at 18. Title 18 U.S.C. § 3142(e) presumes dangerousness. The Congress felt that a significant consideration in determining danger to the community is the drug network's ability to continue to function while the defendants await trial and that there is a significant risk of pretrial recidivism. S. Rep. No. 98-225, 98th Cong., 42nd Sess. 20, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3203.

Notwithstanding the comprehensive and enthusiastic defense proffer that there are conditions of release which I can fashion to reasonably assure the presence of the defendant at further court proceedings, I find that the defendant has failed to rebut the presumption with regard to risk of flight. Specifically, the nature and circumstances of the offenses charged carry very lengthy maximum statutory penalties. The proffer of the government is not insignificant. As an aside, the defendant has eight children from his present and previous marriages and has never held stable employment.

What is true in general has not been proven to be untrue in specific. "Conspiracy in federal law aggravates the degree of crime over that of unconcerted offending." Krulewitch v. United States, 336 U.S. 440, 449 (1949);

CRIMINAL 10-0244 (GAG)                    7

United States v. Amaro-Rodríguez, 593 F. Supp. 2d 382, 385 (D.P.R. 2008). "[C]ollective criminal agreement partnership in crime presents a greater potential threat to the public than individual acts. . . . Nor is the danger of a conspiratorial group limited to the particular end toward which it has embarked.  Combination in crime makes more likely the commission of crimes unrelated to the original purpose for which the group was formed." Id. (quoting Jeffers v. United States, 432 U.S. 137, 157 (1977), which in turn quotes Callahan v. United States, 364 U.S. 587, 593-94 (1961)).  This particular drug distribution enterprise, of which this defendant is probably a substantial heroin supplier and transporter, dwarfs many others in Puerto Rico, an island which is a well-known transhipment axle, supplied by mother ships, submarines and wahoos.  The defendant's role as a leader at any level in the wholesale distribution chain is crucial and essential for this extensive enterprise to succeed.

   I adopt by reference the information and recommendation of the pretrial report of the United States Probation Office.  Admittedly, the nature and circumstances of the offense, size and extent of enterprise, identity of the drugs involved, role of this offender, severity of the penalties and strength of the government's case weigh heavily in this decision. See 18 U.S.C. § 3142(g)(1).

CRIMINAL 10-0244 (GAG)                              8

The defendant has failed to rebut the presumption established by 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

Defendant NELSON MORALES SALDIVIA is detained pending trial.

It is ORDERED that NELSON MORALES SALDIVIA be committed to the custody of the Attorney General for confinement in a correction facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further ORDERED that the defendant NELSON MORALES SALDIVIA be afforded reasonable opportunity to consult with his attorney in private.

It is further ORDERED that on order of the court, or on request of the attorney for the government, the person in charge of the corrections facility in which the defendant is being confined, deliver him to the United States Marshal, or his deputy, for the purpose of an appearance in connection with any proceeding.

In San Juan, Puerto Rico, this 3d day of August, 2010.

                                                S/ JUSTO ARENAS
                                   Chief United States Magistrate Judge